UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILSON MARTE ALMONTE and PAOLA MONTES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>MARC HOLDING CORPORATION, MARC OF NEW YORK 59, LLC, MARLON ABELA, and LALLE YVONNICK,<br><br>Defendants. | **FLSA COLLECTIVE ACTION COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Wilson Marte Almonte ("Marte") and Paola Montes ("Montes" and, together with Marte, the "Plaintiffs") on behalf of themselves and all others similarly situated, by their attorneys Braverman Law PC, complaining of defendants MARC Holding Corporation ("MARC Holding"), MARC OF NEW YORK 59, LLC ("MARC of New York 59"), Marlon Abela ("Abela"), and Lalle Yvonnick ("Yvonnick" and, together with MARC Holding, MARC of New York 59, and Abela, referred to herein collectively as the "Defendants"), allege:

SUMMARY; NATURE OF ACTION

1. Plaintiffs were kitchen workers at restaurant called "A Voce," specializing in high end Italian food.

2. Plaintiffs are working class individuals, who consistently worked long hours for Defendants.

1

3. Upon information and belief, A Voce was experiencing financial difficulties and as a result its owner, Defendant Abela, filed a petition for bankruptcy on June 14, 2016 against A Voce Columbus, LLC, which is not a defendant in this action.

4. Nonetheless, the restaurant kept operating after the petition was filed, and did not close until sometime in late August 2016. Plaintiffs continued to be employed by A Voce after the petition was filed and received their regular pay through the pay period for which salary was paid on or about August 12, 2016. Although Plaintiffs continued working until A Voce was closed in late August, Plaintiffs were not paid for *any* of their time after their previous pay period ended (for which salary was received on or around August 12, 2016), amounting to over a full week of missed pay for each Plaintiff. During this last period, moreover, Plaintiffs worked at a hectic pace, putting in a substantial amount of overtime.

5. Plaintiffs in this case know of at least fourteen other workers at A Voce who also worked through the closing date but were not paid anything since receiving their paycheck for the previous pay period.

6. Plaintiffs have brought this action against A Voce's owners and its managing chef, all of whom are non-debtors in the bankruptcy action, to recover unpaid minimum and overtime wages, spread-of-hours pay, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), and section 190 *et seq*. of the New York Labor Law ("NYLL") on behalf of the staff who worked for Defendants.

7. Defendants systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for unpaid minimum and overtime wages, spread-of-hours pay, liquidated damages, compensatory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

8. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391. All facts alleged in this Complaint occurred at a restaurant operated by Defendants known as "A Voce," located at 10 Columbus Circle, Third Floor, New York, New York 10019, which is within the Southern District of New York.

## THE PARTIES
(Collective Action Plaintiffs)

**Wilson Marte Almonte**

10. Plaintiff Marte is an adult individual residing in the state of New York, county of The Bronx, New York.

11. Marte was employed by Defendants as a food preparer at A Voce from in or around June 2015 to late August 2016.

12. Marte has consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

**Paola Montes**

13. Plaintiff Montes is an adult individual residing in the state of New York, county of New York.

14. Montes was employed by Defendants as a food preparer at A Voce from in or around July 2015 to August 2016.

15. Plaintiffs Monte and Martes and all opt-in Plaintiffs are covered employees within the meaning of the FLSA and the NYLL.

16. Montes has consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. § 216(b).

**Defendants**

17. A Voce LLC is a New York limited liability company organized and existing under the laws of the State of New York, formed on April 11, 2008, with its principal place of business located at 10 Columbus Circle, Third Floor, New York, NY 10019.

18. At all relevant times, A Voce LLC owned and operated a restaurant focusing on Italian cuisine known as "A Voce," located at 10 Columbus Circle, Third Floor, New York, NY 10019.

19. At all relevant times, A Voce LLC maintained control, oversight, and direction over the Plaintiffs and all other similarly situated employees, including

timekeeping, payroll and other employment practices.

20. At all relevant times, A Voce LLC had at least two employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21. At all relevant times, A Voce LLC's annual gross volume of sales made, or business done, was not less than Five Hundred Thousand Dollars ($500,000).

22. On June 14, 2016, an involuntary petition against A Voce LLC (the "Petition") was filed under Chapter 7 of the Bankruptcy Code.

23. Notwithstanding the filing of the Petition, the restaurant operated by A Voce LLC remained open for business until late August 2016, when it finally closed.

**MARC Holding Corporation**

24. MARC Holding Corporation ("MARC Holding") is a foreign corporation organized and existing under the laws of the United Kingdom, with head offices at 1350 Broadway Suite 2404, New York, NY 10018 and 14-16 Bruton Place, London, W1J6LX.

25. Upon information and belief, at all relevant times MARC Holding managed and operated the restaurant A Voce.

26. At all relevant times, MARC Holding was a "covered employer" and "an enterprise engaged in commerce" within the meaning of the FLSA and the NYLL.

27. At all relevant times, MARC Holding maintained control, oversight, and direction over the Plaintiffs and all other similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

28. Upon information and belief, at all relevant times, MARC Holding's annual gross volume of sales made or business done was not less than Five Hundred Thousand Dollars ($500,000).

**MARC of New York 59, LLC**

29. MARC of New York 59, LLC ("MARC of New York 59") is a foreign corporation organized and existing under the laws of the State of Delaware, formed on April 9, 2008, with head offices at 1350 Broadway Suite 2404, New York, NY 10018 and 253 Greenwich Avenue, Greenwich, CT 06830.

30. Upon information and belief, at all relevant times MARC of New York 59 managed and operated the restaurant A Voce.

31. At all relevant times, MARC Holding was a "covered employer" and "an enterprise engaged in commerce" within the meaning of the FLSA and the NYLL.

32. At all relevant times, MARC of New York 59 maintained control, oversight, and direction over the Plaintiffs and all other similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

33. Upon information and belief, at all relevant times, MARC of New York 59's annual gross volume of sales made or business done was not less than Five Hundred Thousand Dollars ($500,000).

**Marlon Abela**

34. Upon information and belief, at all relevant times, Marlon Abela ("Abela") was, and currently is, a person engaged in business in the City of New York, New York

County who is the owner/operator/manager of A Voce LLC, MARC Holding and MARC of New York 59 (the "Corporate Entities").

35. At all relevant times, Abela had the discretionary power to make personnel decisions on behalf of the Corporate Entities with respect to the management of A Voce: including, but not limited to, hiring and firing employees, directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies at A Voce at Columbus. Defendant Abela has exercised sufficient control over the restaurant's operations to be considered Plaintiffs' employer under the FLSA and NYLL.

**Lalle Yvonnick**

36. Upon information and belief, at all relevant times, Lalle Yvonnick ("Yvonnick") was, and currently is, a person engaged in business in the City of New York, New York County who was the general chef of the restaurant A Voce at Columbus.

37. At all relevant times, Yvonnick had the discretionary power to make personnel decisions at A Voce: including, but not limited to, hiring and firing employees, directing the manner in which employees performed their daily duties and assignments, and establishing and implementing the pay practices and work and scheduling policies at A Voce at Columbus. Defendant Yvonnick has exercised sufficient control over the restaurant's operations to be considered Plaintiffs' employer

7

under the FLSA and NYLL.

## PLAINTIFFS' EMPLOYMENT WITH DEFENDANTS

**Plaintiffs received no compensation after on or about August 12, 2016**

38. Plaintiff Marte was employed by defendants as a food preparer. He worked in the kitchen, specifically at the salad station and other stations, and also received and stocked deliveries.

39. Plaintiff Marte normal schedule was from 7:00 a.m. to 4:00 p.m., 5 days a week for a total of 40 hours a week.

40. Marte often worked over forty hours in a workweek.

41. During his employment with defendants, Plaintiff Marte received $10.00 for all hours up to forty in a workweek, and received $15.00 per hour when he worked more than forty hours in a workweek.

42. Plaintiff Marte his last paycheck on or around August 12, 2016.

43. Following receipt of this check, Marte continued working for more than a week.

44. During the first workweek after the previous pay period, he worked approximately one hundred ten hours.

45. Marte also worked for several days during the succeeding week. Then, the Defendants abruptly shut down A Voce without paying Marte for any of his work since the previous pay period.

46. Plaintiff Montes was employed by the Defendants as a line cook.

8

47. Plaintiff Montes' normal schedule was 9:00 a.m. to 5:00 p.m., 5 days a week for a total of 40 hours a week.

48. Plaintiff Montes often worked over forty hours in a workweek.

49. During her employment with Defendants, Plaintiff Montes received $12.00 for all hours up to forty in a workweek, and received $18.00 per hour when she worked more than forty hours in a workweek.

50. Plaintiff Montes received her last paycheck on or around August 12, 2016.

51. Following receipt of this check, Monte continued working for over a week.

52. During the first workweek after the previous pay period, Plaintiff Montes worked approximately sixty one hours.

53. Montes also worked during the succeeding week before the Defendants abruptly shut down A Voce without paying Montes for any of her work since the previous pay period.

## COLLECTIVE ACTION ALLEGATIONS

54. The claims in this Complaint are brought by Plaintiffs on behalf of themselves and similarly situated persons (food prepares, dishwasher, etc.) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "Restaurant Staff").

55. The Restaurant Staff consist of approximately fourteen employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA and NYLL by, inter alia, willfully denying them any pay for their

work after the pay period for which salary was paid on or about August 12, 2016, including minimum wages, overtime wages, and other wages that they had earned.

56. The Restaurant Staff consist of employees who, during their employment with Defendants, worked either a day or night shift stocking and preparing food for A Voce's customers, washing dishes, and any number of additional tasks, and fell into the category of non-exempt, non-managerial employees.

57. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the Restaurant Staff by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, inter alia, the following:

    a. failing to keep accurate records of hours worked by the Restaurant Staff as required by the FLSA and the NYLL for the last pay period;

    b. failing to pay the Restaurant Staff minimum wages for all hours worked;

    c. failing to pay the Restaurant Staff overtime pay for all hours worked over forty; and

    d. failing to pay the Restaurant Staff spread-of-hours compensation of one hour's pay at the minimum wage for each day in which their workday spanned more than 10 hours.

58. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

59. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the Restaurant Staff.

60. The Restaurant Staff would benefit from the issuance of a court-

supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to the Defendants, are readily identifiable, and locatable through the Defendants' records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**FIRST CLAIM**
(Fair Labor Standards Act – Unpaid Minimum Wage)

61. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

62. Defendants are employers within the meaning of 29 U.S.C. §§ 201, et seq.

63. Defendants were required to pay Plaintiffs and the Restaurant Staff the applicable minimum wage rate for each hour that they worked.

64. Defendants failed to pay Plaintiffs and the Restaurant Staff the minimum wages to which they were entitled under the FLSA.

65. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the Restaurant Staff.

66. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the Restaurant Staff have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
(New York Labor Law – Unpaid Minimum Wage)

67. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

68. Defendants are employers within the meaning of the NYLL §§ 190 et seq., 651(5), and 652, and supporting New York State Department of Labor Regulations.

69. Defendants failed to pay Plaintiffs and the Restaurant Staff the minimum wages to which they were entitled under the NYLL.

70. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Restaurant Staff minimum hourly wages.

71. As a result of Defendants' willful violations of the NYLL, Plaintiffs and the Restaurant Staff have suffered damages by being denied minimum wages in accordance with the NYLL in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs of this action.

## THIRD CLAIM
(Fair Labor Standards Act – Unpaid Overtime)

72. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

73. Defendants were required to pay Plaintiffs and the Restaurant Staff one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, et seq.

74. Defendants failed to pay Plaintiffs and the Restaurant Staff the overtime wages to which they were entitled under the FLSA.

75. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the Restaurant Staff overtime wages.

76. Due to Defendants' violations of the FLSA, Plaintiffs and the Restaurant Staff are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
(New York Labor Law – Unpaid Overtime)

77. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

78. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Restaurant Staff one and one half times the regular rate of pay for all hours that they worked in excess of 40 in a workweek.

79. Defendants failed to pay Plaintiffs and the Restaurant Staff the overtime wages to which they were entitled under the NYLL.

80. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the Restaurant Staff overtime wages.

81. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Restaurant Staff are entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

### FIFTH CLAIM
(New York Labor Law – Spread-of-Hours Pay)

82. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

83. Defendants willfully failed to pay Plaintiffs and the Restaurant Staff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than ten hours.

84. By Defendants' failure to pay Plaintiffs and the Restaurant Staff spread-of-hours pay, Defendants willfully violated the NYLL Article 19, §§ 650, et seq., and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. §§ 137-1.7, 3.10, and 146-1.6.

85. Due to Defendants' willful violations of the NYLL, Plaintiffs and the Restaurant Staff are entitled to recover an amount prescribed by statute, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest, and liquidated damages.

## SIXTH CLAIM
(New York Labor Law – Wage Theft Prevention Act)

86. Plaintiffs repeat and reallege all forgoing paragraphs as if set forth herein.

87. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

88. For the last pay period, Defendants failed to provide Plaintiffs and the Restaurant Staff wage statements accurately listing: the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of the NYLL § 195(3).

89. Due to Defendants' violation of NYLL § 195(3), Plaintiffs and each

member of the Restaurant Staff are entitled to recover from Defendants liquidated damages of $250 per workweek that the violation occurred, up to a maximum of $5,000 (per employee), reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a. authorizing the issuance of notice at the earliest possible time to all the Restaurant Staff who were employed by Defendants during the two week period before A Voce closed. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

c. declaring that Defendants have violated the spread-of-hours pay provisions of the NYLL and New York State Department of Labor Regulations;

d. declaring that Defendants violated the notice provisions of the NYLL and WTPA;

e. declaring that Defendants' violations of the FLSA and NYLL were willful;

f. enjoining future violations of the FLSA and NYLL by Defendants;

g. awarding Plaintiff damages for unpaid minimum and overtime wages, and spread-of-hours pay;

h. awarding Plaintiff liquidated damages in an amount equal to two times the total amount of the wages found to be due pursuant to the FLSA and the NYLL;

i. awarding Plaintiff liquidated damages as a result of Defendants'

    failure to furnish wage statements pursuant to the NYLL;

j. awarding Plaintiff pre- and post-judgment interest under the NYLL;

k. awarding Plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l. awarding such other and further relief as the Court deems just and proper.

Dated:  New York, New York
     November 2, 2016

               BRAVERMAN LAW PC

               By: _____
                 Adam Braverman
               450 Seventh Avenue, Suite 1308
               New York, New York 10123
               (212) 206-8166
               adam@bravermanlawfirm.com

               *Attorneys for Plaintiffs*